## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRISON PROSTHETIC CRADLE, INC., | |
| Plaintiff, | C.A. No. 22-0098-CFC |
| v. | **JURY TRIAL DEMANDED** |
| WATSON GUIDE IP, LLC, | |
| Defendant. | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

OF COUNSEL:

Bruce G. Chapman *(pro hac vice pending)*
KARISH & BJORGUM P.C.
119 E. Union Street, Suite B
Pasadena, CA 91103
(213) 785-8070
bruce.g.chapman@kb-ip.com

Dated:  February 16, 2022

Alan R. Silverstein (#5066)
CONNOLLY GALLAGHER LLP
1201 North Market Street
20th Floor
Wilmington, DE 19801
(302) 757-7322
asilverstein@connollygallagher.com

*Attorneys for Watson Guide IP, LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES .................................................................... ii

I.       INTRODUCTION ....................................................................... 1

II.      NATURE AND STAGE OF THE PROCEEDINGS ................................. 2

III.     SUMMARY OF THE ARGUMENT ...................................................... 3

IV.      STATEMENT OF FACTS ........................................................... 3

V.       LEGAL STANDARD ............................................................... 5

VI.      ARGUMENT ........................................................................ 7

VII.     CONCLUSION ..................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................5, 6, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................2, 3, 5, 8

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018) ....................................................7, 8

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
2017 WL 5501489 (D. Del. Nov. 16, 2017).........................................6

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*,
2018 WL 6521978 (D. Del. Dec. 12, 2018) .........................................6

*SIPCO, LLC v. Streetline, Inc.*,
2017 WL 10795601 (D. Del. June 21, 2017) .......................................6

*Super Interconnect Techs. LLC v. HP Inc.*,
2019 WL 6895877 (D. Del. Dec. 18, 2019) .........................................7

**Statutes**

35 U.S.C. § 271(a) ...........................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) ................................................5, 6

Federal Rule of Civil Procedure 12(b)(6).............................................2, 3, 5, 6, 8

## I.  INTRODUCTION

Harrison Prosthetic Cradle, Inc. ("Harrison") sued Watson Guide IP LLC ("Watson IP") for infringing U.S. Patent No. 9,554,879 ("the '879 patent").  The '879 patent describes and claims a surgical method for positioning a dental prosthesis in a patient's mouth.  *See generally* the technical field described in D.I. 1, Exhibit A (the '879 patent) at Col. 1, lines 14-21.  The patent claims identified in the Complaint recite specific steps of that surgical method.  *See* D.I. 1 (the Complaint) at pages 3-4.

The Complaint alleges that Watson IP "*commercializes* … methods that perform all the steps recited in at least one claim of the '879 Patent."  Complaint, ¶ 15 (emphasis added).  Watson IP apparently does this by "offer[ing] *solutions*, such as the 'Chrome GuidedSmile' system, that enables the installation of a final dental prosthesis in a patient's mouth."  Complaint, ¶ 16 (emphasis added; footnote omitted).  The Complaint does not specify the acts that constitute this offering of "solutions."  Notably, Harrison does not allege that Watson IP is a dental or surgical group that uses the Chrome GuidedSmile system for patients (it is not), nor does Harrison allege that Watson IP makes the Chrome GuidedSmile system (it does not).  There are, moreover, no allegations of any specific facts comparing use of the Chrome GuidedSmile system to the asserted method claims.

Beyond the lack of specificity, the allegations of the Complaint obfuscate

the activities alleged to cause infringement.  According to one paragraph in the Complaint, "the Accused Product" by itself "performs the [claimed] method." Complaint, ¶ 16.  But according to other paragraphs, "a system" "utilized by the Accused Product" performs the patented method "in internal testing and usage." Complaint, ¶¶ 17-36.  Does the Accused Product perform the method?  Or does a different system used by the Accused Product perform the method?  And who performed the internal testing and usage?  Was it Harrison, Watson IP or some third party?   There are no allegations from which an answer can even be inferred. Specific factual allegations regarding who did what, what was done, and how that compares to the asserted claims are completely missing from the Complaint.

This lack of specific allegations fails to satisfy the plausibility standard articulated by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Thus, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  NATURE AND STAGE OF THE PROCEEDINGS

On January 25, 2022, Harrison filed this action against Watson IP asserting infringement of the '879 patent. D.I. 1.  Pursuant to Rule 12(b)(6), Watson moves to dismiss the Complaint for failure to state a claim upon which relief may be granted.  This is Watson IP's opening brief in support of its motion.

2

## III.  SUMMARY OF THE ARGUMENT

1.    Harrison's Complaint is devoid of any specific facts describing activities alleged to be infringing.

2.    Moreover, the Complaint fails to make any non-conclusory allegations regarding the correspondence between the one Accused Product identified and the steps of the method claims alleged to be infringed.

3.    As such, the Complaint fails to satisfy the requirement of *Twombly* and should be dismissed under Rule 12(b)(6).

## IV.  STATEMENT OF FACTS

The '879 patent is for a method of installing a final dental prosthesis. Complaint, ¶ 9.  The Complaint identifies three claims in the '879 patent, claims 12, 19 and 25.  Complaint, ¶¶ 12-14.  Each of these claims involves installing a prosthetic device "in the patient's jaw" (claims 12 and 19) or "in bony tissue in the patient's body" (claim 25).

The Complaint alleges that Watson IP "commercializes … methods that perform all the steps recited in at least one claim of the '879 patent" (Complaint, ¶ 15), without specifying any of the activities that constitute this commercialization. Slightly more specifically, the Complaint alleges that Watson IP "commercializes … methods that perform all the steps recited in Claims 11, 19 and 25 of the '879 Patent" (*id.*), again without specifying the activities that constitute this

commercialization.  Finally, the Complaint alleges that Watson IP "makes, uses, sells, offers for sale, or imports a method that encompasses" the claimed invention (*id.*), without explaining how one could possibly make, sell, offer for sale, or import a method that requires implantation into a patient's body.

In paragraph 16 of the Complaint, Harrison conclusorily alleges that "the Accused Product performs the method for installing a final dental prosthesis."  Yet in paragraphs 17-36 of the Complaint, the allegations vaguely suggest that the method may have been performed by a different and unidentified "system" that is "utilized by the Accused Product" "in internal testing and usage."  There are no specific factual allegation as to who or what entity performed this "internal testing and usage."  There are no specific factual allegations comparing what was done during this "internal testing and usage" to the elements of claims 11, 19 or 25.

Based on these allegations, Harrison further alleges that Watson IP "has directly infringed … by using, at least through internal testing …," the claimed method.  Complaint, ¶ 41.  Harrison goes on to allege that Watson IP "has induced others to infringe the '879 Patent … by encouraging infringement, knowing that the acts [Watson IP] induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement."  Complaint, ¶ 42. The Complaint does not contain any specific factual allegation explaining how these vaguely alleged acts by others relate to the "internal testing and usage" – the only

4

even-vaguely-alleged performance of the claimed method.

Finally, Harrison's allegations turn again to the Accused Product itself when it alleges that Watson IP "has been and continues materially contribute to (sic) their own customers' infringement … by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '879 Patent." Complaint, ¶ 48. Continuing the vagueries of the allegations, "Exemplary Defendant Products" is not defined in the Complaint. The Complaint also contains no specific factual allegations as to the identity of the "end-user products" or how those products relate to the asserted patent claims.

## V.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it

5

has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679

(quoting Fed. R. Civ. P. 8(a)(2)).

Courts in this District have reiterated this test for evaluating a motion under

Rule 12(b)(6):

> When determining whether dismissal is appropriate, the court must take
> three steps.  First, the court must identify the elements of the claim.
> Second, the court must identify and reject conclusory allegations.
> Third, the court should assume the veracity of the well-pleaded factual
> allegations identified under the first prong of the analysis, and
> determine whether they are sufficiently alleged to state a claim for
> relief.

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*, 2018 WL 6521978, at *3 (D.

Del. Dec. 12, 2018) (citations omitted).

To state a claim for patent infringement, a plaintiff must plead facts to

plausibly support the assertion that the defendant "without authority makes, uses,

offers to sell, or sells any patented invention, within the United States or imports

into the United States any patented invention during the term of the patent."   35

U.S.C. § 271(a).  This requires "facts that plausibly indicate that Defendant's

accused products practice each of the limitations" of the asserted claims.  *North

Star Innovations, Inc. v. Micron Tech., Inc.*, 2017 WL 5501489, at *1 (D. Del.

Nov. 16, 2017); *see also SIPCO, LLC v. Streetline, Inc.*, 2017 WL 10795601, at *2

(D. Del. June 21, 2017) ("There are numerous district court decisions that require,

to plausibly state a claim for patent infringement, that the complaint relate its

6

factual allegations to an asserted claim of the patent."). "The complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation, alteration and citation omitted). "[A] plaintiff must generally do more than assert that the accused product meets the claim elements; it must show *how* the defendant plausibly infringes by alleging some facts connecting the accused product to the claim elements." *Super Interconnect Techs. LLC v. HP Inc.*, 2019 WL 6895877, at *2 (D. Del. Dec. 18, 2019).

## VI. ARGUMENT

The allegations of patent infringement in Harrison's Complaint are entirely conclusory. Other than the identification of one example Accused Product – the Chrome GuideSmile system – in paragraph 16, there are no specific facts alleged regarding the supposed infringement. There are no allegations of specific facts about the structure or operation of the Accused Product, nor any specific factual allegations regarding Watson IP's instructions, advertising or documentation for that product. There is, moreover, no comparison between specific facts about the accused product and the asserted method claims. As such, the Complaint completely fails to "show *how* the defendant plausibly infringes by alleging some facts connecting the accused product to the claims elements." *Super Interconnect Techs.*, 2019 WL 6895877, at *2.

7

Perhaps more significantly, though, the Complaint's internal inconsistency obfuscates the acts alleged to be infringement.  In one paragraph, it is the Accused Product that performs the method. Complaint, ¶ 16.  Yet in other paragraphs the method is performed in some unidentified "system" used in "internal testing and usage."  Complaint, ¶¶ 17-36.  And despite the fact that the accused product itself is alleged to perform the method, Harrison later alleges that the Accused Product infringes when combined "for use in end-user products."  Complaint, ¶ 48.  That begs the question: does the Accused Product "perform[] the method" (¶ 16), or was the method performed by a "system" in "internal testing and usage" (¶¶ 17-36), or does the Accused Product only perform the method when combined "for use in end-user products" (¶ 48)?  Further, what are the "Exemplary Defendant Products"? *Id.*  It is impossible to tell.  Harrison's Complaint fails to place Watson IP on notice "of what activity is being accused of infringement." *Nalco Co.*, 883 F.3d at 1350 (internal quotation, alteration and citation omitted).

As such, the Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## VII.  CONCLUSION

For the foregoing reasons, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

8

Respectfully submitted,

CONNOLLY GALLAGHER LLP

OF COUNSEL:

/s/ Alan R. Silverstein

Bruce G. Chapman *(pro hac vice pending)*
KARISH & BJORGUM P.C.
119 E. Union Street, Suite B
Pasadena, CA 91103
(213) 785-8070
bruce.g.chapman@kb-ip.com

Alan R. Silverstein (#5066)
1201 North Market Street
20th Floor
Wilmington, DE 19801
(302) 757-7322
asilverstein@connollygallagher.com

Dated:  February 16, 2022

*Attorneys for Watson Guide IP, LLC*